G. P. MEADE v. T. W. WARRING ET AL.

G. P. MEADE v. E. S. COOK.

G. P. MEADE v. JOHN O. BOONE.

G. P. MEADE v. J. H. JONES.

Decided November 9, 1896.

.Jurisdiction of Supreme Court.

In an action of trespass to try title the question between plaintiff and defendant
became in fact one of boundary only and plaintiff recovered. Defendant vouched
in his vendor and had judgment against him on his warranty the amount of the
·claim being less than one thousand dollars. Held, that, since the jurisdiction of
the Court of Civil Appeals was final over both questions of boundary and suits
for the recovery of less than one thousand dollars, the Supreme Court had no
jurisdiction to review the decision on writ of error.

ERROR to Court of Civil Appeals, Third District, in appeals from Clay
·County.

Meade, who had been impleaded as warrantor in several suits of tres-
pass to try title, appealed from judgments therein by which plaintiffs
recovered from defendants the land in controversy and defendants had
judgments against him for their several amounts of purchase money, and
the judgments being affirmed, he applied for and obtained writs of
·error.

*Bomar & Bomar,* for plaintiff in error.

*Templeton & Patton,* for defendants in error.

GAINES, CHIEF JUSTICE.—These cases are the result of one original
·suit.   The record in each of them discloses that the plaintiffs in the trial
·court were the owners of a tier of surveys extending east and west, made
in the name of the Houston Tap and Brazoria Railroad Company, and
numbered respectively 52, 54, 55 and 57. G. P. Meade, the plaintiff in
·error, at one time before the institution of the suits, owned another tier
of surveys, or at least parts of such tier of surveys, immediately north of
.and adjacent to those of the plaintiffs.   Meade, desiring to make sale of
his lands, caused them to·be surveyed; but his surveyor ran and marked
his south boundary lines some 70 varas south of the true south lines of
his surveys.   He then sold and conveyed by warranty deed to T. W. and
R. E. Warring, the defendants in error in case No. 459, the south half of
his section No. 47, which lay immediately north of plaintiffs' section No.
52; by a like deed to J. H. Jones, defendant in error in cause No. 464,
the east 174 acres out of survey No. 2, which lies north of plaintiff's sur-
vey No. 55; and to one Franklin Cook, also by warranty deed, the south-
·east and southwest quarters of survey No. 51, which lay north of and ad-
joined plaintiff's survey No. 55.   Franklin Cook subsequently conveyed

by similar conveyances to Boone, defendant in error in cause No. 463, the southwest quarter of survey 51, and to E. S. Cook, defendant in error in cause No. 462, the southeast quarter of the same section. Meade pointed out the land to the purchasers as extending to the line marked by his surveyor, and the purchasers went into possession. In each of the conveyances, however, the land was merely described as being a part of such a section, and no land marks were given by which it could be designated on the ground.

The plaintiffs thereupon brought suit against the defendants in error above named and others jointly, for the recovery of a strip 250 varas wide extending entirely across the north end of their surveys. It seemed that a survey was made by order of the court, which disclosed the error in that made for the plaintiff in error. A severance was granted and the defendant in each of the suits as severed disclaimed as to all the land lying south of the dividing line as established by the official survey. Each of them also vouched in Meade as warrantor and impleaded him upon his warranty. Meade admitted in writing in each case that the allegations made in the respective answers of the defendants were true. The plaintiffs in each case took judgment upon the disclaimers and proceeded no farther, and the court gave judgment in each case against Meade on his warranty. Meade having appealed, the judgments were affirmed; whereupon he applied for and obtained the writs of error now before us.

There was no question made in the case as to the plaintiffs' title to the surveys claimed by them, nor as to those immediately north of them once owned by Meade. Save claims for improvements in good faith, the sole question as between the plaintiffs and the defendants was as to location of the boundary line between the two tiers of surveys. The action, though brought in the statutory form of trespass to try title, developed into a mere question of boundary, and the cases as severed were simply boundary cases. Over such cases the decision of the Court of Civil Appeals is final, and we are without jurisdiction.

Since the suits by the respective defendants against Meade on his warranty might have been brought as original actions, it may be that we would have had jurisdiction, provided the amount in controversy had been sufficient for that purpose. But the amount claimed of Meade in each case is less than $1000. Except in special cases, of which neither of these is shown to be one, no writ of error lies from this court to the Court of Civil Appeals in a suit for the recovery of a mere monied demand, where the amount in controversy, exclusive of interest, does not exceed $1000.

We conclude that we have no jurisdiction of the cases. The writs of error having been improvidently granted, they are dismissed.

*Writs of error dismissed.*